**Jeffrey COLLINS, Plaintiff–Appellant,**

v.

**John DOE, Correction Officer at Upstate Correctional Facility, Defendant,**

Caron, Sergeant of Upstate Correctional Facility, Marsh, Correction Officer at Upstate Correctional Facility, J. McGaw, J. Stout, Defendants–Appellees.

No. 14–598–cv.

United States Court of Appeals, Second Circuit.

March 12, 2015.

Jeffrey Collins, pro se, Attica, N.Y., for Plaintiff–Appellant.

Eric T. Schneiderman, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Allyson B. Levine, Assistant Solicitor General, of Counsel, Albany, N.Y., for Defendants–Appellees.

PRESENT: GUIDO CALABRESI, PETER W. HALL and SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Appellant Jeffrey Collins, proceeding pro se, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting leave to amend for abuse of discretion. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir.2000). In reviewing the district court's dismissal for failure to ex-haust, we review the district court's factual findings for clear error, *Benjamin v. Fraser*, 264 F.3d 175, 184 (2d Cir.2001), and its legal conclusions de novo. *Ortiz v. McBride*, 380 F.3d 649, 653 (2d Cir.2004).

After an independent review of the record and relevant case law, we conclude that the district court acted within its discretion by granting Appellees leave to amend their answer to assert an affirmative defense, namely, Appellant's failure to exhaust his administrative remedies. For the first time in his reply brief, Appellant contends that he was prejudiced by the district court's grant of leave to amend because, if not for his failure to exhaust, he would prevail on his claims. We do not generally consider arguments raised for the first time in a reply brief. *Thomas v. Roach*, 165 F.3d 137, 145–46 (2d Cir.1999). In any event, Appellant has not shown that granting Appellees leave to amend their answer required him to "expend significant additional resources to conduct discovery and prepare for trial," significantly delayed resolution of the case, or prevented him from timely filing an action in another jurisdiction. *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir.1993) (explaining when leave to amend is unduly prejudicial).

Further, the district court properly dismissed the complaint for failure to exhaust administrative remedies. We therefore affirm for substantially the reasons stated by the district court in its thorough January 27, 2014 decision.

We have considered Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.